THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ILDEFONSO NARDO, ) | CIVIL NO. 08-00352 JMS/LEK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART DEFENDANTS' |
| vs. ) | MOTION TO DISMISS AMENDED |
| ) | COMPLAINT |
| STATE OF HAWAII, ) | |
| DEPARTMENT OF HUMAN ) | |
| SERVICES HOUSING AND ) | |
| DEVELOPMENT CORPORATION ) | |
| OF HAWAII; GAIL LEE; ALISON ) | |
| BALDOMERO; THERESE CHOY; ) | |
| LILLIAN KOLLER; JOHN DOES 1- ) | |
| 20; JANE DOES 1-20, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

**I.  INTRODUCTION**

Plaintiff Ildefonso Nardo ("Nardo") worked for Defendant Department of Human Services Housing and Development Corporation of Hawaii ("DHS")[1] and alleges that individual Defendants Gail Lee, Alison Baldomero, Therese Choy, and Lillian Koller ( "Individual Defendants") and DHS

---

[1] During the hearing, Plaintiff's counsel clarified that the name of the Defendant agency should be the "Housing and Community Development Corporation of Hawaii."

(collectively "Defendants") discriminated against him on the basis of disability and age, retaliated against him after he sought reasonable accommodation, and unlawfully terminated him. Based on these allegations, Plaintiff asserts claims for violation of Title I of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et. seq., the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 et seq., and state law claims for negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED").

Currently before the court is Defendants' Motion to Dismiss. Based on the following, the court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## II. BACKGROUND

**A.    Factual Background**

Plaintiff worked for DHS for over 17 years. Am. Compl. 6.[2] On August 8, 2003, Plaintiff incurred a work-related injury, which resulted in a permanent restriction that he not lift more than ten pounds with his right arm. *Id.* Plaintiff alleges that Defendants did not make reasonable accommodations for this

---

[2] Because the Amended Complaint provides only intermittent paragraph numbers, the court cites to the Amended Complaint by page number. Also, because the details of Plaintiff's allegations are not relevant to determining Defendants' Motion to Dismiss, the court merely provides an outline of Plaintiff's allegations.

restriction and retaliated against him when he requested accommodation. *Id.* at 6-7.  Further, on October 13, 2005, Defendants conducted an alternative job search for Plaintiff and determined that Plaintiff's restrictions cannot be accommodated and that he cannot perform the essential functions of his existing job, even though Plaintiff's doctor determined that Plaintiff can perform his normal duties so long as his restriction is observed. *Id.* at 13-14.  On May 7, 2007, Defendants terminated Plaintiff because their job search for Plaintiff was futile. *Id.* at 15.

**B.     Procedural Background**

Plaintiff filed a Complaint on July 31, 2008, and an Amended Complaint on October 21, 2008.  The Amended Complaint alleges three claims: (1) discrimination in violation of the ADA and ADEA; (2) retaliation in violation of the ADA and ADEA; and (3) NIED and IIED.[3]

On October 23, 2008, Defendants filed their Motion to Dismiss the Amended Complaint.  Plaintiff filed an Opposition on November 13, 2008, and Defendants filed their Reply on November 20, 2008.  A hearing was held on December 1, 2008.

---

[3] The Amended Complaint also states that Defendants have violated the Civil Rights Act of 1991, Am. Compl. at 21, but at the hearing, Plaintiff's counsel clarified that Plaintiff is not alleging any substantive claims for violation of the Civil Rights Act of 1991.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  When reviewing a Rule 12(b)(6) motion, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007); *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007); *see also Williams ex rel. Tabiu v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008).  "'Factual allegations must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Bell Atl.*, 127 S. Ct. at 1965).

### IV.  DISCUSSION

Defendants argue that the court should dismiss Plaintiff's federal claims and decline jurisdiction over the state law claims because: (1) Plaintiff's federal claims are barred by the statute of limitations; (2) Plaintiff cannot state a

federal claim against the Individual Defendants; and (3) DHS is subject to Eleventh Amendment immunity.  The court addresses each of these arguments in turn.

**A.**     **Timeliness of Plaintiff's ADA and ADEA Claims**

Both the ADA and ADEA require that a plaintiff file a civil action within 90 days of receiving a right-to-sue letter.  *See* 42 U.S.C. § 12117(a) (adopting procedural requirements of Title VII for the ADA); 42 U.S.C. § 2000e-5(f)(1) (setting forth for Title VII actions a 90-day time limit to file a civil action); 29 U.S.C. § 626(e) (setting forth a 90-day time limit for filing an action pursuant to the ADEA).  Defendants argue that Plaintiff's ADA and ADEA claims are barred by the statute of limitations because Plaintiff did not explicitly allege claims under the ADA and ADEA until his Amended Complaint, which was filed more than 90 days after receiving his right-to-sue letter.  Defendants' argument is wholly unpersuasive.

As an initial matter, Defendants are mistaken that Plaintiff did not allege violations of the ADA and ADEA in his Complaint -- the Complaint alleges that Defendants discriminated him on the basis of age and disability.  *See* Compl. ¶ 5.1 ("Defendants have discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's disability and age . . . ."); *Id.* ¶ 6.1

("Defendant DHS wrongfully and involuntarily terminated Plaintiff's employment based on Plaintiff's disability and age in violation of the law."). Although the Complaint incorrectly stated that these claims were brought pursuant to Title VII, the Complaint nonetheless appears to have alleged violations of the ADA and ADEA.

Moreover, the claims in the Amended Complaint relate back to those in the Complaint. Under Federal Rule of Civil Procedure 15(c)(1)(B), an amended complaint relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Although the Ninth Circuit has not directly addressed this issue, other courts have held that ADA and ADEA claims made beyond the 90-day limitations period may relate back to an original, timely pleading where the discrimination alleged in both is premised on the same facts. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (allowing a plaintiff to relate back an ADEA claim beyond the 90-day limitations period where the claim was premised on the same predicate facts as a sex or race discrimination claim); *Smith v. Niles Twp. High Sch. Dist. 219*, 2006 WL 756071, at *11 (N.D. Ill. Mar. 22, 2006) ("Smith's claim for retaliation under the ADA relates back to her timely filed claim for retaliation

under Title VII. Both claims rely not only on the same core of facts or conduct, but on *identical* facts or conduct . . . ."); *Tooson v. State of Ala. Dept. of Transp.*, 2005 WL 1126768, at *6 n.9 (M.D. Ala. May 5, 2005) ("[A]lthough Plaintiff did not refer specifically to the ADA in his initial Complaint, the claim relates back to his initial Complaint and is not time-barred."); *Spillman v. Carter*, 918 F. Supp. 336, 340 (D. Kan. 1996) (finding that plaintiff's Title VII and ADA claims relate back to state law claims of discrimination).

Plaintiff received a right-to-sue letter on May 15, 2008, filed this action on July 31, 2008, and filed his Amended Complaint on October 21, 2008. Both the Complaint and Amended Complaint allege the same basic facts that Defendants discriminated against him on the basis of his disability and age. The claims in the Amended Complaint therefore relate back to the Complaint because they arise out of the same "conduct, transaction, or occurrence." *See* Fed. R. Civ. P. 15(c)(1)(B). Thus, Plaintiff's claims for violation of the ADA and ADEA are timely.

**B.    Employees Sued in Their Individual Capacities**

Defendants argue that Plaintiff's ADA and ADEA claims against the Individual Defendants must be dismissed because Plaintiff cannot bring these claims against employees in their individual capacities. At the hearing, Plaintiff's

counsel conceded that Plaintiff could not state an ADA or ADEA claim against the Individual Defendants.  *See also Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that individual employees are not liable for money damages under the ADEA); *Walsh v. Nev. Dept. of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) ("Because Title I of the ADA adopts a definition of 'employer' and a remedial scheme that is identical to Title VII, *Miller's* bar on suits against individual defendants also applies to suits brought under Title I of the ADA.").  The court therefore GRANTS Defendants' Motion to Dismiss the federal claims against the Individual Defendants.

**C.     Eleventh Amendment Immunity**

Defendants argue that Plaintiff's claims against the DHS should be dismissed pursuant to Rule 12(b)(1) because the DHS is subject to Eleventh Amendment immunity.

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), is the only recent Ninth Circuit opinion addressing Eleventh Amendment immunity in the context of a Rule 12(b)(1) motion, which characterized Eleventh Amendment immunity as raising the court's subject matter jurisdiction.  *See Savage*, 343 F.3d at 1040; *see also Cal. Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh

Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."). The Ninth Circuit has also, however, referred to Eleventh Amendment immunity as only "quasi-jurisdictional." *Bliemeister v. Bliemiester*, 296 F.3d 858, 861 (9th Cir. 2002); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) (stating that the Eleventh Amendment "enacts a [waivable] sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction"). Further, unlike other bases for a Rule 12(b)(1) motion that the plaintiff must prove (such as diversity and federal question jurisdiction), Eleventh Amendment immunity is an affirmative defense that Defendants have the burden of demonstrating. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153-54 (9th Cir. 2004) ("Eleventh Amendment immunity 'does not implicate a federal court's subject matter jurisdiction in any ordinary sense' [and] it 'should be treated as an affirmative defense.'" (quoting *ITSI T.V. Prod., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1291 (9th Cir. 1993)).

Given these statements by the Ninth Circuit and the fact that Defendants have the burden to prove Eleventh Amendment immunity, it remains unclear whether a Rule 12(b)(1) motion is always the proper vehicle for a defendant to raise Eleventh Amendment immunity. At least in this case, Rule

12(b)(1) does not appear to be the proper basis for Defendants to raise Eleventh Amendment immunity because the parties did not fully brief this issue.

In their Motion, Defendants applied basic Eleventh Amendment immunity principles to argue that the DHS is an arm of the state and immune from suit. In Opposition, Plaintiff argued that the factors outlined in *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1992), support that the DHS should be treated as a private entity. To counter Plaintiff's argument, in Reply, Defendants submitted evidence regarding the *Mitchell* factors to show that the DHS is an arm of the state.[4] This briefing is insufficient for the court to rule on a Rule 12(b)(1) motion -- Rule 12(b)(1) allows a moving party to present evidence, but then the party opposing the motion must be given the opportunity to present its own evidence. *See Savage*, 343 F.3d at 1040, n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). By putting forth evidence for the first time on Reply, Defendants have afforded Plaintiff no opportunity to oppose Defendants' assertions. While the court recognizes that Defendants put forth evidence only to rebut Plaintiff's arguments and that a defendant need not raise the *Mitchell* factors

---

[4] DHS was split into two entities effective July 1, 2006 -- the Hawaii Public Housing Authority and the Hawaii Housing Finance and Development Corporation. Plaintiff's allegations span his employment both before and after this split. Defendant argues that Plaintiff worked for the Hawaii Public Housing Authority, which is a public entity. At the hearing, Plaintiff's counsel could not confirm which entity Plaintiff worked for after July 1, 2006.

sua sponte in every case, the present quirk in procedure has left Plaintiff with no opportunity to rebut Defendants' evidence on an issue that Defendants have the burden.

Accordingly, the court DENIES Defendants' Motion without prejudice to Defendants filing a motion for summary judgment. If Defendants choose to move for summary judgment on this issue, they should apply the five factors enunciated in *Mitchell* to all of the entities that Plaintiff worked for while he experienced the alleged discrimination.

## V.  **CONCLUSION**

Based on the above, the court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. Plaintiff's claims against the DHS and state law claims against the Individual Defendants remain.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 2, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Nardo v. State of Hawaii, Dep't of Human Serv. Housing & Dev. Corp. of Haw. et. al.*, Civ. No. 08-00352 JMS/LEK, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint